# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-039V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| JONATHAN ELLIS *and* YAEL ELLIS, | \* | Filed: December 16, 2014 |
| *as parents natural guardians of* D.E., *a minor*, | \* | |
| | \* | |
| Petitioners, | \* | |
| | \* | Decision; Attorneys' |
| v. | \* | Fees & Costs |
| | \* | |
| SECRETARY OF HEALTH AND | \* | |
| HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Diana Sedar*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioners.

*Lisa Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On January 20, 2010, Jonathan and Yael Ellis filed a petition on behalf of their minor son, D.E., seeking compensation under the National Vaccine Injury Compensation Program.[2] On July 25, 2014, the parties filed a stipulation settling this case and detailing the amount to be awarded to Petitioners. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioners an award as outlined in the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On December 16, 2014, the parties filed another stipulation, this time regarding attorneys' fees and costs. The parties have stipulated that an award of $72,834.40 for attorneys' fees and costs should be made, in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. Pursuant to the Amended General Order #9, Petitioners have also represented that they have incurred costs in the amount of $7,218.00 for the guardianship costs related to this claim.

I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award of $72,834.40 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Diana Sedar, Esq. In addition, an award of $7,218.00 should be made in the form of a check payable to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.